N.R. SMITH, Circuit Judge,
dissenting:
On appeal, Bibo only challenges the procedural reasonableness of his sentence, alleging that the district court’s conclusion that there was “some reason to believe” Bibo might graduate to a contact offense was clearly erroneous.
Under United States v. Carty, we review a sentence for procedural reasonableness, including whether the district court chose “a sentence based on clearly erroneous facts.” 520 F.3d 984, 993 (9th Cir.2008). When we review for clear error, we will reverse only if there is no evidence in the record to support the district court’s finding, or if we are “left with the definite and firm conviction that a mistake has been committed.” United States v. Christensen, 732 F.3d 1094, 1103 (9th Cir.2013) (citation omitted). “Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.” United States v. Elliott, 322 F.3d 710, 715 (9th Cir.2003) (citation omitted).
Bibo moved the district court to vary downward from the applicable Guidelines range to the statutory minimum. The district court agreed to vary downward, but not to the extent Bibo requested. The district court justified the sentence it imposed, because “there [was] some reason to believe that individuals who obtain gratification from viewing these photographs and videos are on the path to themselves engaging in the form of conduct that’s depicted.” The court further noted that, in its experience, “individuals who engage in the monitoring and viewing of these photographs graduate.” With regard to the specific risk that Bibo himself would “graduate” to a contact offense, the district court said it was “impossible” to know; the higher sentence was merely a precaution.
In order for Bibo’s sentence to be procedurally reasonable, there need only have been “some evidence” in the record from which the district court could conclude that there was a risk that Bibo might commit a contact offense against a child in the fu *453 ture. See United, States v. Gadson, 763 F.3d 1189, 1220 (9th Cir.2014). We are not called upon, as the majority mistakenly suggests, to determine whether the degree of risk justified the district court’s decision not to vary down to the mandatory minimum. The majority’s conclusion that the district court’s finding was clearly erroneous is at odds with the record and our precedent. Therefore, I respectfully dissent.
In this appeal, Bibo has to demonstrate either (1) that there was no basis for the district court’s conclusions or (2) that his studies unequivocally demonstrated that no such link exists. He failed on both counts, and his sentence should be affirmed. Bibo contends that he provided studies to the district court showing that there was no risk that he would “graduate,” based solely on the fact that he viewed and possessed child pornography. However, even a cursory examination of Bibo’s materials shows that the opposite is true.
Bibo first cited an article that plainly recognized that, before the internet, between one-fifth and one-third of offenders in possession of child pornography were also abusers. While the emergence of the internet may have diminished these numbers, there was nothing in the materials that Bibo provided to show that the risk has been extinguished. Indeed, the second article cited by Bibo noted only that “[a] history of viewing child, porñ is not itself a strong indicator” of whether an offender will go on to abuse children. Contrary to Bibo’s assertions, none of his cited materials supported his assertion that “it is a myth that there is a link between casual viewing of child pornography and abusing children.” This statement is merely Bibo’s gloss on materials that unambiguously show that a-link exists between possession of child pornography and committing contact offenses against children. Because we are reviewing Bibo’s sentence solely for procedural reasonableness, this evidence was sufficient to show that the district court’s actual conclusion, that there was “some reason to believe” Bibo (as a possessor of child pornography) might commit a contact offense in the future, was not clearly erroneous.
The district court was entitled to draw the same conclusion from this evidence as the court in United States v. Apodaca, 641 F.3d 1077 (9th Cir.2011). In that case (which involved a substantive reasonableness challenge), we reviewed a similar challenge to a lifetime term of supervised release imposed following the defendant’s conviction for possession of child pornography. Id. at 1080. The district court justified that harsh term (much more significant than Bibo’s sentence) as “a way of saying let’s be really safe and careful” to ensure the defendant did not commit a contact offense in the future. Id. at 1084. In that case, the defendant also argued that the district court failed to recognize that not all possessors of child pornography go on to commit contact offenses.[1] Id. at 1082. Ultimately, the Apodaca court was forced to conclude that “the scientific *454 literature falls short of’ demonstrating “that possession-only Internet child pornographers were highly unlikely to recidi-vate or commit more serious sex offenses.” Id. at 1084.
The evidence to support the' district court’s extremely limited conclusion is in the record, and even a cursory examination of our case law demonstrates that the conclusions the district court drew from that evidence were entirely permissible. Under clear error review, the only issue before us is whether there was some evidence to show that a link exists, regardless of how significant, between possession of child pornography and a future contact offense. The evidence before the district court, provided by Bibo himself, was unquestionably sufficient to support the district court’s limited concern. Given our holding in Apodaca, I am not left with a definite and firm conviction that a mistake was made. Indeed Apodaca also demonstrates the futility of a remand in this case when the exact same sentence will be imposed on remand with the exact same reasoning.

. I recognize that the defendant in Apodaca made this argument on the substantive reasonableness prong. Therefore, Apodaca is not controlling. However, the arguments in Apo-daca are illustrative, in that they show Bibo’s claim is more appropriately characterized as a challenge to the substantive reasonableness of his sentence. Bibo's real contention is that the district court should have varied down to the statutory minimum, because the risk of going on to commit a contact offense was low. Bibo has used the logic of a substantive reasonableness challenge to accomplish a remand on a procedural challenge. Although this approach seems to be a successful one on appeal, it will not likely get Bibo the relief he seeks in the district court. All the majority has succeeded in accomplishing is to ensure we will now hear procedural challenges on a *454 substantive reasonableness issue in cases like this one in the future.